OCTOBER 1, 1844.

*Frances O. Edwards et al.* v. *Jacob Bodine et al.* F. S. KINNEY, for appellants; J. VAN COTT, for respondents.— This was an appeal by the defendants from an order of the vice chancellor of the first circuit allowing in part the exceptions of the complainants to a master's report. The injunction master, upon allowing an injunction to restrain the defendants from proceeding to sell mortgaged premises, under a decree of foreclosure, took from the complainants a bond with sureties, conditioned to pay to the parties enjoined such damages as they might sustain by reason of the injunction, if the court should eventually decide that the complainants were not equitably entitled to such injunction. The injunction not being sustained, the appellants obtained an order referring it to a master to ascertain their damages by reason of the injunction, according to the provisions of the 31st rule. The master, in addition to loss of interest upon the amount for which the property would have been sold, and taxable costs of the master who was to have sold the property, and the expenses of advertising, &c., allowed for the half commissions on the amount of the decree, $20 for the services of the defendants in attending the sale and employing counsel to get the injunction dissolved, and $100 for counsel fees upon procuring such dissolution. The vice chancellor, upon exceptions, disallowed the last three charges.

The chancellor modified the order appealed from, so far as to allow the $100 charged for extra fees to the two counsel

*[margin note:]* What charges are allowable as damages under a bond given up on granting an injunction.

who made the motion for a dissolution of the injunction, and by disallowing the charge for the personal services, &c., of the defendants in attending the sale and going to see and consult with the counsel, and the charge of the solicitor for attending to advise them at the sale.

And he decided that the fees for services in relation to the sale which the master would have to perform the second time in consequence of the sale being stopped, the expenses of re-advertising the mortgaged premises, and so much of the taxable costs as was necessary to obtain a dissolution of the injunction, were properly allowed as part of the damages sustained by the issuing of the injunction. But that the charge of half commissions to the master was not allowable; as the master is not entitled to commissions except where property is actually sold by him.